UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **FORTY SIX HUNDRED LLC,** | ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) ) | NO. 4:20-40088-TSH |
| **CADENCE EDUCATION, LLC dba NEXT GENERATION CHILDREN'S CENTER,** | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER ON MOVING PLAINTIFF'S MOTION TO REMAND**
**(Docket No. 13)**

**August 10, 2020**

**HILLMAN, D.J.,**

Forty Six Hundred LLC ("Plaintiff") filed this summary eviction action against Cadence Education, LLC ("Defendant") in state court. Defendant removed the case to this Court on July 9, 2020. (Docket No. 1). Plaintiff now moves to remand. (Docket No. 13). For the following reasons, the Court ***grants*** in part and ***denies*** in part its motion.

**Discussion**

*1. Motion to Remand*

Plaintiff raises two arguments in support of remand. First, it contends that the Court lacks removal jurisdiction over this action because summary eviction proceedings fall outside of the scope of the Court's original jurisdiction.[1] The Court rejects this notion. Federal courts exercising diversity jurisdiction routinely resolve state-law real property disputes like the one at issue here.

---

[1] Plaintiff does not dispute that this case meets the complete diversity and amount-in-controversy requirements of 28 U.S.C. § 1332.

*Cf. F.D.I.C. v. Sweeney*, 136 F.3d 216, 219 (1st Cir. 1998) ("In a variety of ways, federal courts enforce rights created by state law and there was nothing unusual about the federal court doing so here. The federal court simply applied Massachusetts law regulating the possession of real property."). And while Massachusetts may provide for expedited resolution of these disputes under certain circumstances, *see* M.G.L. c. 239, § 1 *et seq.*, the mere presence "of different or more expeditious procedures in state court is not a reason to deny the existence of federal diversity jurisdiction." *Safeway, Inc. v. Sugarloaf P'ship, LLC.*, 423 F. Supp. 2d 531, 535–36 (D. Md. 2006). This is especially the case where, as here, the summary proceedings created by the state legislature carry many of the hallmarks of plenary civil litigation—the filing of a complaint, service of process, discovery, opportunity for a jury trial, etc.—albeit on an accelerated schedule. *See, e.g.*, Massachusetts Uniform Summary Process Rules 2, 3, 7, 8; *compare MCC Mortg. LP v. Office Depot, Inc.*, 685 F. Supp. 2d 939, 946 (D. Minn. 2010) (exercising removal jurisdiction because Minnesota summary proceedings are "handled in precisely the same fashion as 'other civil actions'" (quoting Minn. Stat. § 504B.335(c))), *and Safeway*, 423 F. Supp. 2d at 536 (exercising removal jurisdiction because the summary proceeding under Maryland law is "recognizably a civil action"), *with CPG Fin. I, LLC. v. Shopro, Inc.*, No. 06-3015, 2006 WL 744275, at *2 (W.D. Mo. Mar. 22, 2006) (denying removal jurisdiction because Missouri summary proceedings, unlike plenary civil proceedings, do not require formal pleadings, discovery, or trial by jury), *and Glen 6 Assocs., Inc. v. Dedaj*, 770 F. Supp. 225, 228 (S.D.N.Y. 1991) (denying removal jurisdiction because New York summary proceedings, unlike plenary civil proceedings, "may proceed without formal pleadings" or discovery).

Second, Plaintiff contends that abstention principles counsel against the exercise of jurisdiction under these circumstances, even if the Court would otherwise have jurisdiction over

this action.  The Court finds this argument more persuasive.  Although "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule," *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976), and "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress," *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996), the Court is convinced that this is the rare care where abstention is appropriate.  Plaintiff's claim centers on "a landlord/tenant dispute under state law that in no way implicates federal law."  *See CPG Fin. I, LLC*, 2006 WL 744275, at *4.  The Massachusetts legislature has chosen to adopt a comprehensive legislative scheme to expedite resolution of these disputes, and the Court is concerned that allowing the case to proceed in federal court now, at a time when litigants are facing particularly long delays due to the outbreak of the COVID-19 pandemic, would risk "emasculat[ing]" that scheme.  *See Glen 6 Assocs., Inc.*, 770 F. Supp. at 229.  Additionally, while the Court recognizes that, under normal circumstances, "the questions of state law presented in this case" would not be considered "novel," "landlord/tenant law is continually evolving" in the wake of the COVID-19 pandemic, and the Court is sensitive to the fact that the state courts may choose to fashion exceptions to eviction proceedings which this Court cannot yet anticipate.  *See id.* at 228.  Accordingly, to preserve the state statutory scheme, and in furtherance of the principles of efficiency, comity, and federalism, the Court will abstain from exercising jurisdiction over this case.

2.  *Motion for Attorneys' Fees and Costs*

Plaintiff seeks reimbursement for the attorneys' fees and costs it incurred in drafting and filing its motion to remand.  The Court denies this request.  Because Defendant had an objectively reasonable basis for removing the action to this Court, and because abstention may not have been

appropriate if circumstances were even slightly different, the Court sees no reason to depart from the usual practice of having each party bear its own fees and costs.

## Conclusion

For the reasons stated above, Plaintiff's motion is ***granted*** in part and ***denied*** in part. (Docket No. 13).  Specifically, the Court ***grants*** the motion insofar as it seeks remand to the state court and ***denies*** the motion insofar as it seeks fees and costs.  This case is remanded to the state court for further proceedings.

**SO ORDERED**

>  */s/ Timothy S. Hillman*
> **TIMOTHY S. HILLMAN**
> **DISTRICT JUDGE**